O88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EXHIBIT 1
DATE 4-13-07
WITNESS: Jay Coulter
7 PAGE(S)

SOUTHERN  DISTRICT OF  CALIFORNIA

KENNETH MARSH

V.

COUNTY OF SAN DIEGO, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05 CV 1568 WQH(AJB)

TO: Jay Coulter
6455 Cabaret St.
San Diego, CA 92120

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Paulson Reporting & Litigattion Services, 555 W. Beech Street, First Floor, San Diego, CA 92101 | 4/13/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit "1" attached to the supboena in a civil case.

| PLACE | DATE AND TIME |
|---|---|
| Paulson Reporting & Litigattion Services, 555 W. Beech Street, First Floor, San Diego, CA 92101 | 4/13/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3-15-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
DENNIS B. ATCHLEY, ESQ., 402 North Nevada Street, Oceanside, CA 92054 (760) 400-0263

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3/24/2007 | 6455 Cabaret Street, San Diego, CA 92120 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jay Coulter | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Bill Garcia | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3/26/2007
             DATE

SIGNATURE OF SERVER

852 Fifth Avenue, Ste. 317, San Diego, CA 92101
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

2

EXHIBIT "1"

1. Any and all documents, records, writing, and tangible items in your possession or control which reflect, refer to, memorialize or reference in any manner Kenneth Marsh.

2. Any and all documents, records, writing, and tangible items in your possession or control which reflect, refer to, memorialize or reference in any manner California Superior Court Case #CR64376, entitled *People v. Kenneth Marsh*, including as to any subsequent appeals, writs or other proceedings, including but not limited to:

   a. Any pleadings, notes, correspondence, minutes of meetings, logs, diaries of any other type of document which pertains to the investigation and/or prosecution of Kenneth Marsh, and as to any subsequent Appeals or Writs involving the case.

   b. Any and all correspondence of any type, including letters, notes, memoranda or other type of communication sent or received by the deponent to anyone concerning or referring to Kenneth Marsh, including David L. Chadwick, MD, Roger A. Williams, MD, Max L. Murphy, any agent or employee of the County of San Diego, or the County of San Diego's Coroner's office.

   c. Any document, record or items introduced into evidence at the criminal trial of Kenneth Marsh, including, but not limited to medical records, photographs, recordings, or any other type of documentary or tangible evidence.

   d. Any and all correspondence relative to the prosecution of Kenneth Marsh for murder sent or received by the deponent at any time to or from David L. Chadwick, M.D., Roger A. Williams, M.D., or Max L. Murphy or any other person, including but not limited to County Counsel, or any attorney or employee at Baker & McKenzie LLP.

LAW OFFICES OF DONNIE R. COX
DENNIS B. ATCHLEY, SBN 70036
DONNIE R. COX, SBN 137950
402 North Nevada Street
Oceanside, CA 92054-2025
(760) 400-0263

LAW OFFICES OF PAUL W. LEEHEY
PAUL W. LEEHEY SBN 92009
205 W. Alvarado
Fallbrook California 92028
(760) 723-0711

ATTORNEYS FOR PLAINTIFF
Kenneth Marsh

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MARSH,<br>            Plaintiff,<br><br>      vs.<br><br>COUNTY OF SAN DIEGO; M.L. MURPHY, M.D.; DAVID L. CHADWICK, M.D.; ROGER A. WILLIAMS, M.D.; CHILDREN'S HOSPITAL MEDICAL CENTER and Does 1 to 100, Inclusive.<br>            Defendants. | Case No.: 05 CV 1568 WQH(AJB)<br><br>NOTICE OF TAKING DEPOSITION OF WITNESS JAY COULTER PER SUBPOENA<br><br>Date:  April 13, 2007<br>Time:  9:00 a.m.<br><br>Place: Paulson Reporting & Litigation<br>          555 W. Beech Street, First Floor<br>          San Diego, CA 92101 |

   PLEASE TAKE NOTICE that Plaintiff KENNETH L. MARSH, will take the deposition of JAY COULTER, before a deposition officer authorized by law to administer oaths on **Friday, April 13, 2007 at 9:00 a.m.**, at the court reporting firm of Paulson Reporting & Litigation Services, 555 W. Beech Street, First Floor, San Diego, CA 92101.

   Said deposition will be taken pursuant to Federal Rule of Civil Procedure Rule 30 and is based on the records and files in the above-entitled action. Please be advised that this deposition may be videotaped.

If for any reason said deposition is not completed on said date, it will resume on a date to be set by future notice and/or agreement of the parties.

Please take further notice that if an interpreter is required, notice must be given by you in advance. No interpreter will otherwise be provided.

DATED: March 15, 2007                    LAW OFFICES OF DONNIE R. COX

By_____
DENNIS B. ATCHLEY, Attorney for Plaintiff,
KENNETH MARSH

DECLARATION OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 402 North Nevada Street, Oceanside, CA 92054.

On March 15, 2007 I caused to be delivered the foregoing documents described as NOTICE OF TAKING DEPOSITION OF WITNESS JAY COULTER. PER SUBPOENA and the U.S.D.C. SUBPOENA IN A CIVIL CASE on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**BY:**

(x) <u>**MAIL**</u> I am readily familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service and caused such envelope, with postage thereon fully prepaid to be placed in the United States mail at Oceanside, California. (CCP §1013 and 1013(a)(3), addressed as follows:

DEBORAH A. MC CARTHY
SENIOR DEPUTY, COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355
SAN DIEGO, CA 92101-2469

COLIN H. MURRAY, ESQ.
BAKER & MC KENZIE
101 W. BROADWAY, 12TH FLOOR
SAN DIEGO, CA 92101-3890

PAUL W. LEEHEY, ESQ.
205 WEST ALVARADO STREET
FALLBROOK, CA 92028

( ) <u>**BY E-FILING**</u> I served each of the above-referenced documents by e-filing.

( ) <u>**PERSONAL SERVICE**</u>

I caused the afore mentioned documents to be delivered as follows:

DEBORAH A. MC CARTHY
SENIOR DEPUTY, COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355
SAN DIEGO, CA 92101-2469

COLIN H. MURRAY, ESQ.
BAKER & MC KENZIE
101 W. BROADWAY, 12TH FLOOR
SAN DIEGO, CA 92101-3890

PAUL W. LEEHEY, ESQ.
205 WEST ALVARADO STREET
FALLBROOK, CA 92028

(x) **FACSIMILE**

Facsimile/telecopier ("FAX") machine in Oceanside, California as follows:

Deborah A. McCarthy, Esq.
Office of County Counsel
(619) 236-0429

Colin H. Murray, Esq.
BAKER & MC KENZIE, LLP
(619) 531-6005

Paul W. Leehey, Esq.
(760) 723-6533

( )**BY E-MAIL VIA PDF/ADOBE.** I e-mailed such documents(s) via pdf to the email addressed posted below. A print out of my e-mail transmission is attached to this Proof of Service – Per agreement with Defendants Counsel:

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service was executed on March 15, 2007, at Oceanside, California.

*Linda Haase*
Linda Haase

---

NOTICE OF DEPOSITON OF JAY COULTER

7